SAMUEL P. KING, JR. 1396
735 Bishop Street, Suite 304
Honolulu, Hawaii 96813
Telephone: (808) 521-6937
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. No. 04-00314 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | STATEMENT |
| | ) | |
| JAIME REYES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S SENTENCING STATEMENT

Defendant hereby submits the following Sentencing Statement with respect to the Presentence Investigation Report (PIR) submitted on March 21, 2006.

1. With respect to page 2 of the PIR, Defendant's marital status should show that he is "married" (as is stated in paragraph 58 of the PIR), not "single." The PIR should also show on page 2 that Defendant has "two" dependents - his wife and child (again see paragraph 58) - not "one."

2. With respect to paragraph 7 of the PIR, the admissions Defendant made with respect to drugs in the Plea Agreement are contained in paragraphs "8(a) through (h)," not "9(a) through (h)."

3. With respect to paragraph 16, Defendant's recollection is that the amount paid to him by Iwase was closer to $20,000, not $50,000. In fact, Defendant's recollection is that Iwase was short on the $20,000 and had to send approximately $2,000-$3,000 by Western Union to make up the

CERTIFICATE OF SERVICE ATTACHED

difference, not $5,000.

4. With respect to paragraph 17, the methamphetamine was packaged at the house of friend of Defendant's who was out of town at the time, not at Defendant's house.

5. With respect to paragraph 22, Defendant denies that he ever "threatened" Carvalho, and Carvalho owed Defendant about $26,000, not $40,000.

6. With respect to paragraphs 12a and 25a, Defendant contends that these paragraphs should be stricken from the PIR. As the AUSA noted in paragraph 33a, any admissions Defendant made during 1/11/2006 polygraph examination should not be used against him in any way. Defendant denies being involved in any improper activity once he began cooperating with the Government, and, as the Government's motion for downward departure shows, Defendant was extremely successful in assisting the Government.

7. With respect to paragraph 59, Defendant notes that he and his family live in a "house" not a "townhouse."

DATED: Honolulu, Hawaii, April 3, 2006.

SAMUEL P. KING, JR.
Attorney for Defendant

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served upon the United States Attorney at 300 Ala Moana Blvd., Honolulu, Hawaii, on April 3, 2006.

DATED: Honolulu, Hawaii, April 3, 2006.

SAMUEL P. KING, JR.
Attorney for Defendant