UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No. 04-00314-001 JMS |
| ) | |
| JAIME REYES, ) | |
| Defendant. ) | |

### MOTION TO AMEND JUDGMENT, DEALING WITH COURT'S NEW RECOMMENDATION TO THE BUREAU OF PRISONS

**COMES NOW** JAIME REYES, who moves this Court to amend Judgment dealing with the District Court's new recommendation to the Bureau of Prisons, for the Judgment in this case to reflect additional CCC placement, above and beyond the 10% percent up to six month policy that is currently being implemented by the Bureau of Prisons, and for the Judgment in this case to reflect the need for the defendant to enter into the 500-hour DAP program that is currently available to Federal inmates, and in support there of states:

1. On April 6, 2006, movant was sentenced to a term of imprisonment for 108 months pursuant to a plea agreement entered into with the Office of the United States Attorney. Under the plea agreement there was no intent between the parties that the defendant could not enter into the 500-DAP program, Indeed, the movant's instant offense and PSI Report reflected a prior drug offense with limited use, these two substantial offenses should be enough to qualify the movant, or any inmate, to enter into this program.

2. The BOP policy that qualifies entry into the 500-DAP program conflicts with the statue, any prior or current use documented in an inmates central file should qualify him or her immediately into the program, any documented evidence, arrest, or prior convictions should also qualify an inmate, however, the BOPs policy is a history of drug abuse 1 year prior to the instant offense of conviction or, any recommendations from the sentencing court, see: Mitchell v. Andrews, 235 F.Supp.2d 1085(ED CA2001), or Kuna v. Daniels, 234 F.Supp.2d 1168(DOR2002).

3. Indeed, the movant in this case has an instant drug offense, has a prior drug offense, and has past history of usage...while released on pre-trial services prior to sentencing, the movant was subjected to regular urine analysis by the U.S. Probation Department... and as special conditions imposed upon the movant as part of his Supervised Release, this court directed the movant to participate in substance abuse programs.

4. It was the intentions of this Court, and as reflected in the PSI Report, that the movant has a history of drug offenses and, that a real possibility existed that the movant had drug abuse problems, the questions presented before this court is why would the district court impose additional Supervised release sactions against the movant, and why would the pre-trial release officers continually test the movant for drugs.

5. **ADDITIONAL CCC PLACEMENT:**
   Recent authority in the United States Court of Appeals for both the Eighth Circuit and Third Circuit striking down the policy that limited CCC placement to the last 10 percent up to six months of an inmates total term of incarceration...

18 U.S.C. &3621(b) gives the Bureau of Prisons the authority, and Congress's intent was clear: that the Bureau of Prisons is obliged to make individualized placement determinations that account for all &3621(b) considerations...see <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005), and <u>Fults v. Sanders</u>, 8th Cir. No. 05-3490 (2006).

6. In December 2002, the Bureau of Prisons adopted a policy that limited CCC placement to the last 10 percent of the term to be served, 28 C.F.R. &&580.20-21, in a, "categorical exercise of discretion", the Bureau stated that it will only transfer inmates to CCC placement during the last 10 percent of their terms.

7. Indeed, both the Third and Eighth Circuits struck down the Bureau of Prisons 2002 policy, saying that the BOP had the discretion to transfer an inmate to a CCC at any time. See <u>Goldings v. Winn</u>, 383 F.3d 17, 75 CrL 612 (1st Cir.2004); <u>Elwood v. Jeter</u>, 386 F.3d 842 (8th Cir. 2004),...recently in the <u>United States v. Paige</u>, 369 F.Supp.2d 1257, District of Montana, the Chief Judge ordered that Robert T. Paige be transfered to a CCC, in light of factors set forth in 18 U.S.C. &3621(b), also saying that the BOP's policy limiting inmates for transfer was flawed.

8. The movant in this case is a non-violent offender, recently surrendered to the Federal Prison Camp in Atwater California on 5/16/06, his custody and security classification reflect the lowest withen the Bureau of Prisons, upon his initial team meeting with prison staff - staff indicated that he would only be considered for limited CCC placement towards the end of his current term, and only up to 10 percent if available...

when the movant requested to staff to take into consideration the factors set forth in 18 U.S.C. 3621(b), and not the vague and ambiguous policy that their currently using, the unit-team suggested a District Court Recommendation to reflect on his J/C order.

9. In furtherance of this motion to amend, the unit-team suggested that the movant get documentation supporting his drug use, or a District Court recommendation for entry into the 500-hour DAP program...the movant asserted to the unit-team that his instant offense and his prior substance abuse arrest, should more than qualify himself for entry into any program, and that the Sentencing Court as part of his Supervised Release mandated special substance abuse after care...In other words, if the District Court thought their was no problem with the movant's drug use, the Court would have never imposed additional program's and drug after-care. See: Kuna v. Daniels, 234 F.Supp.2d 1169 (Oregon 2002) or Mitchell v. Andrews, 235 F.Supp.2d 1085, (ED,California 2001).

**WHEREFORE**, it is respectfully requested that this Court Amend the J/C order, reflecting additional CCC placement in light of factors set forth in 18 U.S.C. 3621(b), and further recommending when eligible, that the movant participate in the 500-hour RDAP program.

**DATED:** this 7 day of August, 2006.

RESPECTFULLY SUBMITTED

_____
JAIME REYES, PRO SE
REG#10005-111
FEDERAL PRISON CAMP
P.O. BOX 019001
ATWATER, CALIFORNIA 95301

UNITED STATES OF AMERICA

v.

JAIME REYES

Case Number: 04-00314-001

PROOF OF SERVICE

I hereby certify that on August 7, 2006, I served a copy of the attached Motion to Amend, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at FEDERAL PRISON CAMP ATWATER, CA 95301

PO. BOX 019001, ATWATER, CA 95301

(List Name and Address of Each Defendant or Attorney Served)

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
U.S. COURTHOUSE
300 ALA MOANA BLVD.
HONOLULU, HI 96850

UNITED STATES ATTORNEY
U.S. COURTHOUSE
300 ALA MOANA BLVD.
HONOLULU, HI 96850

I declare under penalty of perjury that the foregoing is true and correct.

*[signature: Jaime Reyes]*