IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00314 JMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION |
| | ) | TO AMEND JUDGMENT, |
| JAMIE REYES, | ) | DEALING WITH COURT'S |
| | ) | NEW RECOMMENDATION |
| | ) | TO THE BUREAU OF PRISONS |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S MOTION TO AMEND
JUDGMENT, DEALING WITH COURT'S NEW
RECOMMENDATION TO THE BUREAU OF PRISONS

Defendant Jamie Reyes was sentenced on April 6, 2006 to a term of imprisonment of 108 months. As reflected in the April 13, 2006 judgment, this court did not recommend to the United States Bureau of Prisons (BOP) that defendant participate in the BOP's 500 hour residential drug abuse treatment program. The court's judgment also did not recommend to the BOP that defendant be placed in a Community Corrections Center (CCC).

On August 11, 2006, defendant filed a "Motion to Amend Judgment, Dealing with Court's New Recommendation to the Bureau of Prisons." In his motion, defendant requests that this court amend the judgment "to reflect the need

for the defendant to enter into the 500-hour DAP program that is currently available to Federal inmates. . . ."  Defendant also seeks a judicial recommendation for placement in a CCC.  Defendant contends that absent such a recommendation, BOP staff have informed him "that he would only be considered for limited CCC placement towards the end of his current term, and only up to 10 percent if available. . . ."  In making this request, defendant cites *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), and *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006).[1]

Defendant has not explained under what authority the court can amend a judgment four months old.  But even if this court had authority to amend its April 13 judgment under either Rule 35 or Rule 36 of the Federal Rules of Criminal Procedure, it would decline to do so.  Based on the information available at sentencing, the court exercised its discretion and declined to recommend that defendant participate in the 500-hour residential drug abuse treatment program.  Defendant's final presentence investigation report, at paragraph 62, states that defendant "advised he has been clean and sober, abstaining from the use of drugs

---

[1] Both of these cases held that the statute governing placement of BOP prisoners in prerelease custody, 18 U.S.C. § 3621(b), did not authorize BOP regulations (28 C.F.R. §§ 570.20 and 570.21) limiting such placement.  The court does not construe defendant's motion as a habeas petition challenging these regulations; instead, the court construes defendant's motion as a simple request to amend the judgment.  For the reasons stated herein, the court declines to do so.

and alcohol, since 05/24/1991." Given this statement by defendant, and the limited resources available to the BOP, the court again declines to recommend that defendant be considered for placement in the 500-hour residential drug abuse treatment program.

The court also declines to make a recommendation to the BOP regarding transfer to a CCC. Defendant has provided the court with no reason to make such a recommendation, and the court refuses to do so.

The court reiterates that it is construing defendant's motion as a motion to amend judgment, and not a habeas corpus petition challenging the BOP's policy on transfer to a CCC or placement within a CCC.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 15, 2006.

_____
J. Michael Seabright
United States District Judge

United States v. Reyes, Cr. No. 04-00314JMS; Order Denying Defendant's Motion to Amend Judgment, Dealing with Court's New Recommendation to the Bureau of Prisons