UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 04-00314(JMS) |
| ) | |
| JAIME REYES, ) | |
| ) | |
| Defendant/Petitioner. ) | |

**MOTION**
**28 U.S.C. & 2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE,**
BY A PERSON IN FEDERAL CUSTODY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 1 2007

at 11 o'clock and 20 min. A M
SUE BEITIA, CLERK

**COMES NOW** the Petitioner JAIME REYES, Pro Se, respectfully moves this Court to order the Federal Bureau of Prisons, to consider, and in good faith, the appropriateness of transferring the Petitioner to a RRC in light of factors set forth in 18 U.S.C. & 3621(b), above and beyond the 10% percent up to six month policy that is currently being used and implemented by the Bureau of Prisons, this policy being invalidated by three United States Court of Appeals.

The AEDPA's amendment of 28 U.S.C. & 2255 imposed a (1) one year statute of limitations for filing, the defendant in this petition was sentenced on April 6, 2006, the date on which the judgment of conviction becomes final, therefore, this Court having jurisdiction of this motion pursuant to 28 U.S.C. & 2255.

The Petitioner submits this memorandum brief in support of motion, thereof states:

DATED: this 14 day of February, 2007.    **RESPECEFULLY SUBMITTED**

## BACKGROUND

Petitioner is currently in custody of the Federal Bureau of Prisons (BOP) at the Federal Prison Camp located in Atwater, California, pursuant to a judgment of this Court, United States District Court, District of Hawaii, in violation of 21 U.S.C. § 846, 841, (A)(1) § (B)(1)(A), this Court sentencing the Petitioner to a prison term of 108 months, his projected release date is Decemebr 23, 2013. The Petitioner on May 16, 2006, surrendering to the Federal Prison Camp.

Petitioner's claims are proper under 28 U.S.C. § 2255 because they concern the fact of the Petitioner's sentence, and now because of (3) three Appeals Court decisions which have invalidated a BOP policy, it now directly effects the sentence imposed by this Court on April 6, 2006, this Court being unaware of the invalidated BOP policy when sentencing the Petitioner, this Court should have recommended to the BOP and as part of the Petitioner's J/C order that Mr. Reyes meets all the factors listed in 18 U.S.C. § 3621(b), and that careful consideration should be given during any part of his sentence, to fully execute the sentence imposed by this Court, to be transfered during any part of his term of incarceration to any appropriate RRC.

Since this motion 28 U.S.C. § 2255 is available to the Petitioner to contest the validity and legality of his sentence, see Hernandez v. Campbell, 204 F.3d 861, 864, (9th Cir.2000), here, Mr. Reyes is not contesting the sentence imposed by this Court, but rather had this Court known before sentencing that the BOP was using and implementing flawed policies and procedures in determining placement and transfers, this

...("exceptions to the general rule requiring exhaustion cover situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.")

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfield, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), cert. dismissed, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252. Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."Brown, 895 F.2d at 535. Exhaustion would be futile in this petition.

### BOP Regulations Contradict United States Code Statues

Petitioner contends that the BOP regulations which prevent him from being considered for transfer to RRC violate Title 18, Section 3621(b), of the United States Code, and pursuat to BOP regulations, he has not been properly assessed for placement in an RRC.

Prior to December 13, 2002, the BOP would occasionally allow prisoners to serve all or part of their imprisonment in an RRC. Then, on December 13, 2002, the Office of Legal Counsel of the Department of Justice ("OLC") issued a legal opinion interpreting the interplay between && 3621(b) and 3624(c) of Title 18. The opinion held that & 3621(b) did not authorize

...was shorter. However, in 2004, two Circuit Court of Appeals held that the 2002 BOP policy change was unlawful given the plain language of & 3621(b) gave the BOP discretion to transfer an inmate to an RRC at any time. Elwood v. Jeter, 386 F.3d 842 (8th Cir.2004); Goldings v. Winn, 383 F.3d 17 (1st Cir.2004). In light of the opinions of Elwood and Goldings, on August 18, 2004, the BOP proposed new regulations "announcing its categorical excercise of discretion for designating inmates to community confinement when serving terms of imprisonment. 69 Fed.Reg. 51, 213 (August. 18, 2004). Although the 2005 regulations acknowledged the BOP's general discretion to place an inmate at an RRC at any time, it limited such placement to the lesser of 10% of a prisoner's total sentence or six months, absent application of special statutory circumstances. 28 C.F.R. && 570.20, 570.21. The final rules were published on January 10, 2005, and became effective on February 14, 2005.

The Petitioner asserts and the claim is, whether the BOP's regulations are contrary to, or a permissible construction of, Section 3621(b). Three Circuit Court of Appeals and several District Courts, including the Eastern District of California, have found the 2005 regulations to be contrary to Section 3621(b). Woodall v. Federal Bureau of Prisons, 432 F.3d 235, (3rd Cir.2005); Fults v. Sanders, 442 F.3rd 1088 (8th Cir.2006); Levine v. Apker, 455 F.3rd 71 (2d Cir.2006); Baker v. Willingham, No. 3:04cv1923, 2005 WL 2276040 (D.Conn. Sept. 16, 2005); Wiederhorn v. Gonzales, No. 05-360-TC, 2005 WL 1113833 (D.Or. May 9, 2005); United States v. Paige, 369 F.Supp.2d 1257 (D.Mont.2005); Drew v. Menifee, No. 04 Civ. 9944, 2005 WL 525449 (S.D.N.Y. Mar. 4 2005); Pimental v.

On April 21, 2006, for the Eastern District of California, see Horn v. Ellis CV00060WWTAG, the district court agreed with the Petitioner, that the regulations that prevent the BOP from considering whether to place the Petitioner in a RRC until after he has served nine-tenths of his sentence violate Title 18, Section 3621(b), of the United States Code. The distrcit court ordered that the BOP shall immediately and in good faith determine whether the Petitioner shouls be transferred to a RRC for more than the 43 days in the completion of his prison sentence. In making this decision, the BOP shall consider the sentencing judge's recommendations and all other Sections 3621(b) factors, as well as any other appropriate factors the BOP, in its discretion, finds applicable. This determination shall be made without reference to the BOP's 2002 and 2005 policies, including 28 C.F.R. & 570.20-21. Horn v. Ellis 2006, WL 1071959(E.D.Cal).

At least three of the five factors in 18 U.S.C. 3621(b) are never considered to determine transfer determinations:

1. The nature and circumstances of the Petitioner's offense,
2. His history and pertinent characteristics,
3. And most importantly, any statement by the sentencing court concerning a placement recommendation and the purpose for the sentence.

According to the text and history of Section 3621, these factors must be taken into account at the beginning of the Petitioner's sentence...the regulations are invalid because the BOP may not

### Reviewing an agency's construction of a statute

In reviewing an agency's construction of a statute, courts apply the test set forth in <u>Chevron U.S.A.., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984)</u>. The Court looks first to the text of the statute to determine whether Congree has spoken directly on the issue. <u>Contract Management, Inc. v. Rumsfeld, 434 F.3d 1145, 1146-47 &n.2 (9th.2006)</u>. If the intent of Congress is clear from the text of the statue, that is the end of the inquiry, the Court must follow the expressed intent of Congress.<u>Id.</u> at 1146-1147, <u>citing Chevron, U.S.A.., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43, 104 S.Ct 2778, 81 L.Ed.2d 694 (1984)</u>. If, however, the statute is silent or ambiguous on the specific issue, the Court must determine whether the agency's interpretation is based on a permissible construction of the statute. <u>Id.</u> at 1147. If so, the Court defers to the agency's determination.<u>Id.</u>

As found by the Second, Third, and Eighth Circuit Court of Appeals, the plain text of the statue, as well as the legislative history do not support the BOP's regulations to limit RRC placement to only those inmates serving the last 10% of their sentence. In <u>& 3624(c)</u>, Congress's intent to release prisoners to an RRC is to faciliate their re-entry into the community. Congress has unambiguously set forth five factors for the BOP to consider when making its decision to release a prisoner. <u>18 U.S.C. & 3621(b)</u>. Specifically, Section <u>3621(b)</u> distinguishes between the BOP's duty to designate a place of imprisonment ("shall designate") and its broad discretion in

...prior to placement. Id. Given the clear text of the statute and Congress's unequivocal intent for the BOP to consider all five factors, the current BOP regulation is invalid because "these factors cannot be fully considered because the amount of time an inmate may spend in a RRC is categorically limited to the lesser of six months or ten percent of a sentence without regard to individualized circumstances". Woodall, 432 F.3d 235, 245; Levine, 455 F.3d at 80-82; Fults, 442 F.3d at 1091. Further, the legislative history supports the finding that consideration of the five factors are mandatory, although non-exclusive.

Thus, although the BOP has discretion to refuse to place an inmate in a correctional facility, the exercise of discretion must be based at least in part on the specific factors outlined in & 3621(b), and the BOP regulations set forth in &&570.20 and 570.21 simply ignore those factors. As such, the regulations contradict, rather than interpret, & 3621(b), and no deference is owed.

### Recommendation of the sentencing judge

Worthy of special mention is the recommendation of the sentencing judge. United States District Court Judges take their sentencing responsibilities very seriously and are familiar with the various BOP institutions and programs. Their recommendations as to the execution of sentences are carefully thought out and are important to them. The significance of this aspect of the sentencing process is highlighted by the acknowledgment of the regional counsel of the BOP at oral argument that the BOP follows judicial recommendations in close to

## CONCLUSION

Mr. Reyes was a self surrender to the Federal Prison Camp, released on bail for (2) two years pending sentencing, all this with the direction of Probation and Pre-Trial Services, Probation indicating no violations as part of his release.

Mr. Reyes is currently at the Federal Prison Camp in Atwater California, this minimum security facility has no bars or fences, inmates here are on their own honor system, the custody and security classifications of Mr. Reyes reflecting the lowest withen the Bureau of Prisons. Mr. Reyes has maintained strong family ties with his wife and child, and numerous family members, has enrolled and completed many classes at the Camp, is currently attending classes as part of a non-residential drug program. Mr. Reyes meets all the necessary requirements and qualifications to be considered for transfer during any part of his incarceration...this in conjuction with the goals established under Booker would further promote and meet the execution that this Court intended as part of Mr. Reyes sentence.

**WHEREFORE,** it is respectfully requested that this Court issue an order reflecting in Mr. Reyes J/C order, directing the Federal Bureau of Prisons to consider, and in good faith, the appropriateness of transferring Mr. Reyes during any portion of his incarceration to an RRC, above and beyond the 10% percent up to six months, all in light of factors set forth in 18 U.S.C. § 3621(b), and without reference to the BOP policy promulgated in December 2002, and without reference to the BOP's February 14, 2005, amendment to 28 C.F.R. § 570.21.

DATED: this 14 day of February, 2007.

## CERTIFICATE OF SERVICE

I, certify that on <u>February 14, 2007</u>, I mailed a copy of this brief and all attachments via first class mail, to the following parties at the address[s] listed below:

**OFFICE:**
**CLERK OF THE COURT**
**UNITED STATES DISTRICT COURT**
DISTRICT OF HAWAII
300 ALA MOANA BLVD,
HONOLULU, HAWAII 96850

(Three Copies, motion 2255)

**UNITED STATES ATTORNEY**
DISTRICT OF HAWAII

(One Copy, motion 2255)

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR

## INCARCERATED LITIGANTS

I, certify that this (Document) motion 2255 was given to prison officials on this <u>14</u> day of <u>February, 2007</u>, for forwarding to the <u>Clerk of the Court</u> for the § 2255 motion. I certify under the penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

DATED: this <u>14</u> day of February, 2007.    Sig/ _Jaime Reyes_
                                                JAIME REYES #10005-111