IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00314 JMS |
| | ) | CV. NO. 07-00091 JMS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DISMISSING MOTION |
| JAIME REYES, | ) | WITHOUT PREJUDICE |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DISMISSING MOTION WITHOUT PREJUDICE

### I. INTRODUCTION

On February 21, 2007, pro se petitioner Jaime Reyes ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging recently adopted regulations of the Bureau of Prisons ("BOP") that limit his placement in a residential re-entry center ("RRC") to the lesser of ten percent of his total sentence of imprisonment or six months. For the reasons set forth below, the court finds that Petitioner's habeas petition challenges the manner, location, or conditions of the execution of his sentence; construes the petition as filed pursuant to 28 U.S.C § 2241; and DISMISSES this matter without prejudice. Petitioner may refile in the proper jurisdiction, the United States District Court for the Eastern District of California, and with the proper

respondent, the warden of the Atwater Federal Prison.

## II.  BACKGROUND

Petitioner is currently incarcerated at the Federal Prison Camp in Atwater, California. He was convicted for violating 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) and sentenced by the court on April 6, 2006 to serve 108-months imprisonment followed by five years of supervised release.

Petitioner filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255, challenging recently adopted regulations of the BOP that limit his placement in an RRC to the lesser of ten percent of his total sentence of imprisonment or six months ("BOP regulations"). Petitioner contends that the BOP regulations exceed the BOP's rule-making authority and are contrary to 18 U.S.C. § 3621(b).

## III.  ANALYSIS

**A.   The Court Construes Petitioner's Habeas Petition as Filed Pursuant to 28 U.S.C § 2241**

A district court must determine at the outset whether a petition for writ of habeas corpus filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). In general, a federal prisoner seeking to contest the legality of a sentence must bring a habeas petition under § 2255 in the sentencing court. *Id.* at 864. On the other

hand, a federal prisoner seeking to challenge the manner, location, or conditions of an execution of a sentence must file a habeas petition pursuant to § 2241 in the district in which he or she is incarcerated. *Id.*

Petitioner is not contesting the legality of the sentence imposed by this court; instead, by seeking placement in an RRC above and beyond the limitation imposed by the BOP regulations, Petitioner challenges the manner, location, or conditions of the execution of his sentence at Atwater Federal Prison. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (3rd Cir. 2005) (concluding that a federal prisoner's challenge of the BOP regulations is a challenge to the "execution" of his sentence.); *Levine v. Apker*, 455 F.3d 71, 78 (2nd Cir. 2006) ("[A federal prisoner's challenge of the BOP regulations] challenges the *place* of his imprisonment, including the differences in the *manner*, and *conditions* of imprisonment (such as the degree of physical restriction and rules governing prisoners' activities) that distinguish [RCCs] from other BOP penal facilities."). Although Petitioner filed a § 2255 petition in this Court, it is well established that pleadings filed by an inmate proceeding pro se are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the court construes the petition as properly brought pursuant to § 2241.

**B.      The Court Lacks Jurisdiction to Hear Petitioner's § 2241 Petition**

District courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has clarified this limiting language by holding that in habeas cases involving "present physical confinement, jurisdiction lies in only one district; the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical confinement within the United States, he should . . . file the petition in the district of confinement." *Id.* at 447. *See also United States v. Little*, 392 F.3d 671 (4th Cir. 2004) and *Stokes v. United States Parole Commission*, 374 F.3d 1235 (D.C. Cir. 2004).

While this court sentenced Petitioner and would have jurisdiction to hear a § 2255 petition, it lacks jurisdiction to consider Petitioner's § 2241 petition because he is not incarcerated within the District of Hawaii. Petitioner is currently incarcerated in the Atwater Federal Prison, which is located within the Eastern District of California. The court therefore lacks jurisdiction to hear Petitioner's § 2241 petition. As a result, the § 2241 Petition is DISMISSED without prejudice.

\\\

\\\

## C.  The Proper Respondent to Petitioner's Petition is the Warden of the Atwater Federal Prison

Under 28 U.S.C. § 2242[1], the proper respondent in a § 2241 petition is the custodian of the institution where the federal prisoner is incarcerated. The Supreme Court reaffirmed this "immediate-custodian" rule when it stated that "whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent . . ." *Padilla*, 542 U.S. at 447. Thus, the proper respondent of Petitioner's § 2241 petition is the warden of the Atwater Federal Prison. Petitioner may refile his motion, pursuant to 28 U.S.C. § 2241, in the Eastern District of California by naming the proper Respondent.

\\\

\\\

\\\

\\\

\\\

---

[1] "Application for writ of habeas corpus shall be in writing signed and verified by the person whose relief it is intended or by someone acting in his behalf. It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known. . . ."

## IV.  **CONCLUSION**

For the foregoing reasons, this court DISMISSES this matter without prejudice.  Petitioner may refile in the proper jurisdiction, the United States District Court for the Eastern District of California, and with the proper respondent, the warden of the Atwater Federal Prison.  The Clerk of Court is directed to CLOSE the case file in this District.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 4, 2007.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*United States v. Reyes*, Cr. No. 04-00314 JMS, Order Dismissing Motion Without Prejudice